**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*If known*): _____    Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | SRe Holding Corporation |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 46-4344816 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3333  Beverly Road  <br> Number    Street | Number    Street |
| | P.O. Box |
| Hoffman Estates   Illinois   60179 <br> City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Cook County <br> County | |
| | Number    Street |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)    www.searsholdings.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other.  Specify: _____

---

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                Page 1
WEIL:\96862962\4\73217.0004

Debtor  SRe Holding Corporation                                                    Case number (if known) _____
            Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above  Retail

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

SIC Code 5311 (NAICS Code 4521)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____   When _____   Case number _____
                                MM/ DD/ YYYY
         District _____   When _____   Case number _____
                                MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor    See Schedule 1           Relationship   See Schedule 1
         District  Southern District of New York   When   See Schedule 1
         Case number, if known _____                  MM / DD/ YYYY

Official Form 201                  Voluntary Petition for Non-Individuals Filing for Bankruptcy                  Page 2

WEIL:\96862962\4\73217.0004

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____    _____    _____
City      State    ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact Name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
**(on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

**15. Estimated assets**
**(on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**
**(on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☒ $10,000,000,001-$50 billion
☐ More than $50 billion

|   | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  January 7, 2019
            MM / DD / YYYY

✗  /s/ Luke Valentino                                    Luke Valentino
   Signature of authorized representative of debtor       Printed name

   Corporate Secretary
   Title

**18. Signature of attorney**

✗  /s/ Jacqueline Marcus                                 Date  January 7, 2019
   Signature of attorney for debtor                             MM / DD / YYYY

   Jacqueline Marcus
   Printed Name

   Weil, Gotshal & Manges LLP
   Firm Name

   767 Fifth Avenue
   Number       Street

   New York                     New York              10153
   City                         State                 ZIP Code

   (212) 310-8000               jacqueline.marcus@weil.com
   Contact phone                Email address

   1867746                      New York
   Bar Number                   State

Official Form 201                 Voluntary Petition for Non-Individuals Filing for Bankruptcy                 Page 4

WEIL:\96862962\4\73217.0004

# Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, the affiliated entity listed below filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 case of this debtor identified below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure with the Debtors Cases (as hereinafter defined).

| COMPANY | CASE NUMBER | DATE FILED |
|---|---|---|
| SRe Holding Corporation | 19-        (   ) | January 7, 2019 |

The dates indicated below, each of the affiliated entities listed below, including the lead debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the Court (the **"Debtors' Cases"**). The Debtors' Cases have been consolidated for procedural purposes only and are being jointly administered under Sears Holdings Corporation case number 18-23538 (RDD).

| COMPANY | CASE NUMBER | DATE FILED |
|---|---|---|
| Sears, Roebuck and Co. | 18-23537 (RDD) | October 15, 2018 |
| Sears Holdings Corporation | 18-23538 (RDD) | October 15, 2018 |
| Kmart Holding Corporation | 18-23539 (RDD) | October 15, 2018 |
| Kmart Operations LLC | 18-23540 (RDD) | October 15, 2018 |
| Sears Operations LLC | 18-23541 (RDD) | October 15, 2018 |
| ServiceLive, Inc. | 18-23542 (RDD) | October 15, 2018 |
| A&E Factory Service, LLC | 18-23543 (RDD) | October 15, 2018 |
| A&E Home Delivery, LLC | 18-23544 (RDD) | October 15, 2018 |
| A&E Lawn & Garden, LLC | 18-23545 (RDD) | October 15, 2018 |
| A&E Signature Service, LLC | 18-23546 (RDD) | October 15, 2018 |
| FBA Holdings Inc. | 18-23547 (RDD) | October 15, 2018 |
| Innovel Solutions, Inc. | 18-23548 (RDD) | October 15, 2018 |
| Kmart Corporation | 18-23549 (RDD) | October 15, 2018 |
| MaxServ, Inc. | 18-23550 (RDD) | October 15, 2018 |
| Private Brands, Ltd. | 18-23551 (RDD) | October 15, 2018 |
| Sears Development Co. | 18-23552 (RDD) | October 15, 2018 |
| Sears Holdings Management Corporation | 18-23553 (RDD) | October 15, 2018 |

| COMPANY | CASE NUMBER | DATE FILED |
|---|---|---|
| Sears Home & Business Franchises, Inc. | 18-23554 (RDD) | October 15, 2018 |
| Sears Home Improvement Products, Inc. | 18-23555 (RDD) | October 15, 2018 |
| Sears Insurance Services, L.L.C. | 18-23556 (RDD) | October 15, 2018 |
| Sears Procurement Services, Inc. | 18-23557 (RDD) | October 15, 2018 |
| Sears Protection Company | 18-23558 (RDD) | October 15, 2018 |
| Sears Protection Company (PR) Inc. | 18-23559 (RDD) | October 15, 2018 |
| Sears Roebuck Acceptance Corp. | 18-23560 (RDD) | October 15, 2018 |
| Sears, Roebuck de Puerto Rico, Inc. | 18-23561 (RDD) | October 15, 2018 |
| SYW Relay LLC | 18-23562 (RDD) | October 15, 2018 |
| Wally Labs LLC | 18-23563 (RDD) | October 15, 2018 |
| Big Beaver of Florida Development, LLC | 18-23564 (RDD) | October 15, 2018 |
| California Builder Appliances, Inc. | 18-23565 (RDD) | October 15, 2018 |
| Florida Builder Appliances, Inc. | 18-23566 (RDD) | October 15, 2018 |
| KBL Holding Inc. | 18-23567 (RDD) | October 15, 2018 |
| KLC, Inc. | 18-23568 (RDD) | October 15, 2018 |
| Kmart of Michigan, Inc. | 18-23576 (RDD) | October 15, 2018 |
| Kmart of Washington LLC | 18-23570 (RDD) | October 15, 2018 |
| Kmart Stores of Illinois LLC | 18-23571 (RDD) | October 15, 2018 |
| Kmart Stores of Texas LLC | 18-23572 (RDD) | October 15, 2018 |
| MyGofer LLC | 18-23573 (RDD) | October 15, 2018 |
| Sears Brands Business Unit Corporation | 18-23574 (RDD) | October 15, 2018 |
| Sears Holdings Publishing Company, LLC | 18-23575 (RDD) | October 15, 2018 |
| Sears Protection Company (Florida), L.L.C. | 18-23569 (RDD) | October 15, 2018 |
| SHC Desert Springs, LLC | 18-23577 (RDD) | October 15, 2018 |
| SOE, Inc. | 18-23578 (RDD) | October 15, 2018 |
| StarWest, LLC | 18-23579 (RDD) | October 15, 2018 |
| STI Merchandising, Inc. | 18-23580 (RDD) | October 15, 2018 |
| Troy Coolidge No. 13, LLC | 18-23581 (RDD) | October 15, 2018 |
| BlueLight.com, Inc. | 18-23582 (RDD) | October 15, 2018 |
| Sears Brands, L.L.C. | 18-23583 (RDD) | October 15, 2018 |
| Sears Buying Services, Inc. | 18-23584 (RDD) | October 15, 2018 |
| Kmart.com LLC | 18-23585 (RDD) | October 15, 2018 |
| Sears Brands Management Corporation | 18-23586 (RDD) | October 15, 2018 |
| SHC Licensed Business LLC | 18-23616 (RDD) | October 18, 2018 |
| SHC Promotions LLC | 18-23630 (RDD) | October 22, 2018 |

**UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OF
SRE HOLDING CORPORATION**

January 7, 2019

The undersigned, being all of the members of the Board of Directors (the "Board") of SRe Holding Corporation (the "Company"), a Delaware corporation and wholly owned subsidiary of Sears Holdings Corporation ("Holdings"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and Article III Section 10 of the Corporation's Amended and Restated By-Laws (the "By-Laws"), do hereby consent to, adopt and approve the following recitals and resolutions and each and every action effected thereby. This consent may be executed in two or more counterparts each of which shall constitute an original and all of which shall constitute one and the same.

WHEREAS, the Board has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

WHEREAS, Holdings and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and have entered into, obtained loans and consummated transactions under the DIP ABL Financing Documents;

WHEREAS, the Bankruptcy Court approved each of the DIP ABL Credit Agreement and the Junior DIP Credit Agreement and orders were entered into the record on November 30, 2018 and December 28, 2018, respectively; and

WHEREAS, the Board desires to approve the following resolutions.

**Commencement of Chapter 11 Case**

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the Bankruptcy Code; and be it further

RESOLVED, that any officer of any of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file and perform, in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings") in the Bankruptcy Court (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be

conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the "Chapter 11 Case") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Company's Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**Debtor-in-Possession Financing**

RESOLVED, that in connection with the Chapter 11 Case, it is desirable and in the best interest of the Company, its creditors and other parties in interest to guarantee loans made pursuant to:

(i) that certain senior secured superpriority priming debtor-in-possession asset-based credit facility in an aggregate principal amount of $1.875 billion (the "DIP ABL Loan"), representing an increase of $300 million from the existing facility, pursuant to that certain senior secured superpriority priming debtor-in-possession asset-based credit agreement, entered into by and among, Sears Roebuck Acceptance Corp. ("SRAC") and Kmart Corporation ("Kmart", together with SRAC, the "Borrowers"), and Holdings and the other Loan Parties (as defined therein) (other than the Borrowers) as guarantors (the "Guarantors"), the lenders from time to time party thereto (the "DIP ABL Lenders"), and Bank of America, N.A., as administrative agent for the DIP ABL Lenders (in such capacity and together with its successors, the "DIP ABL Agent") (together with the Exhibits and Schedules annexed thereto, the "DIP ABL Credit Agreement" and together with the Loan Documents (as defined in the DIP ABL Credit Agreement), the "DIP ABL Financing Documents"), previously approved by the Bankruptcy Court, and necessary and appropriate to the conduct of the business of the Company; and

(ii) that certain secured debtor-in-possession multiple draw term loan facility (the "Junior DIP Financing") in an aggregate principal amount of $350 million (the "Junior DIP Loan" and together with the DIP ABL Loan, the "DIP Loans"), pursuant to that certain superpriority junior lien secured debtor-in-possession term loan credit agreement, entered into by and among, the Borrowers, the Guarantors (as defined in the Junior DIP Credit Agreement and together with the DIP ABL Credit Agreement, the DIP Credit Agreements), the lenders from time to time party thereto, including certain affiliates of Cyrus Capital Partners, and Cantor Fitzgerald Securities, as administrative agent for the lenders (in such capacity and together with its successors, the "Junior DIP Agent" and together with the DIP ABL Agent, the "DIP Agents") (together with the Exhibits and

2

Schedules annexed thereto, the "Junior DIP Credit Agreement" and together with the DIP ABL Credit Agreement, the "DIP Credit Agreements") and together with the Loan Documents (as defined in the Junior DIP Credit Agreement), the "Junior DIP Financing Documents" and together with the DIP ABL Financing Documents, the "DIP Financing Documents"), previously approved by the Bankruptcy Court, and necessary and appropriate to the conduct of the business of the Company; and be it further

RESOLVED, that the form, terms and provisions of (i) the DIP Credit Agreements, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Cases, substantially consistent with the DIP Credit Agreements, which have been presented to the Board and (ii) any and all of the other documents, agreements (including the other DIP Financing Documents), including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents, or instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP Loans and the performance of obligations thereunder, including the borrowings, guarantees, granting of security and pledging of collateral contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to be joined as a party to the DIP Credit Agreements, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP Agents or required by the DIP Credit Agreements; and be it further

RESOLVED, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the borrowing and reborrowing of loan, the guaranteeing of obligations of the Borrowers and granting of security thereunder and pledging of collateral; and be it further

RESOLVED, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the respective lenders and agents under the DIP Financing Documents, and to authorize, execute, verify, file and/or deliver to the DIP Agents, on behalf of the Company, all agreements, documents and instruments required by the respective lenders and agents under the DIP Financing Documents in connection with the foregoing; and be it further

RESOLVED, that any Authorized Person, in connection with the DIP Financing, is hereby authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and security interests in any and all property of the Company as may be contemplated by or required under the terms of any cash collateral agreements or other similar arrangements entered into in connection with the DIP Financing, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Cases and any of the Company's affiliates who already have or may also, concurrently with the

3

Company's petition, file for relief under the Bankruptcy Code; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreements or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreements and/or any of the DIP Financing Documents, in each case consistent with the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

**Retention of Advisors**

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case; and be it further

RESOLVED, that the firm of M-III Advisory Partners, LP, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as financial advisor for the Company in the Chapter 11 Case; and be it further

RESOLVED, that the firm of Lazard Freres & Company, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as investment banker for the Company in the Chapter 11 Case; and be it further

RESOLVED, that the firm of Prime Clerk, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case; and be it further

RESOLVED, that, with respect to the Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case; and be it further

**Ratification**

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer, any director, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

RESOLVED, that, with respect to the Company, each Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized in the name and on behalf of the Company, to take all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or desirable; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of any Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[*Signature Page Follows*]

**IN WITNESS WHEREOF,** the undersigned, being all of the members of the Board of directors of SRe Holding Corporation, have executed this unanimous written consent as of the date first set forth above.

_____
Name: Lawrence J. Meerschaert
Title: Director

_____
Name: Robert A. Riecker
Title: Director

_____
Name: Luke Valentino
Title: Director

| **Fill in this information to identify the case:** |
|---|
| Debtor name: **SRe Holding Corporation** |
| United States Bankruptcy Court for the: **Southern** District of **New York** (State) |
| Case number (*If known*): _____ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders[1]

12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Pension Benefit Guaranty Corporation<br>Attn.: Judith Starr, General Counsel<br>Office of the Chief Counsel<br>1200 K Street, N.W., Suite 300<br>Washington District of Columbia 20005-4026 | Attn.: Judith Starr, General Counsel<br>Office of the Chief Counsel<br>Phone: 202-326-4400 x3083<br>Email: Starr.Judith@pbgc.gov | Pension Benefits | | | | Unliquidated |
| 2 | SRAC Medium Term Notes<br>c/o The Bank of New York Mellon Trust Co.<br>Attn.: Mary A. Callahan, Vice President<br>2 N. LaSalle Street, Suite 700<br>Chicago, Illinois 60602 | Attn.: Mary A. Callahan, Vice President<br>Phone: 312-827-8546<br>Email: mary.callahan@bnymellon.com | Unsecured Notes | | | | $2,311,796,000.00 |
| 3 | Holdings Unsecured Notes (8.00%)<br>c/o Computershare Trust Company, N.A.<br>Attn.: Michael A. Smith, Vice President<br>2950 Express Drive South, Suite 210<br>Islandia, New York 11749 | Attn.: Michael A. Smith, Vice President - Corporate Trust<br>Phone: 303-262-0707<br>Email: michael.smith2@computershare.com | Unsecured Notes | | | | $410,956,500.00 |
| 4 | Holdings Unsecured PIK Notes (8.00%)<br>c/o Computershare Trust Company, N.A.<br>Attn.: Michael A. Smith, Vice President<br>2950 Express Drive South, Suite 210<br>Islandia, New York 11749 | Attn.: Michael A. Smith, Vice President - Corporate Trust<br>Phone: 303-262-0707<br>Email: michael.smith2@computershare.com | Unsecured Notes | | | | $222,580,652.00 |
| 5 | SRAC Unsecured Notes<br>c/o The Bank of New York Mellon Trust Co.<br>Attn.: Mary A. Callahan, Vice President<br>2 N. LaSalle Street, Suite 700<br>Chicago, Illinois 60602 | Attn.: Mary A. Callahan, Vice President<br>Phone: 312-827-8546<br>Email: mary.callahan@bnymellon.com | Unsecured Notes | | | | $185,564,300.00 |

---

[1] Pursuant to Local Rule 1007-2(a)(4), the following is a list of creditors holding, as of October 15, 2018, the forty (40) largest, unsecured claims against the Debtors, on a consolidated basis, excluding claims of "insiders" as defined in 11 U.S.C. § 101(31).

Debtor ___SRe Holding Corporation___    Case number (if known) _____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | SRAC Unsecured PIK Notes<br>c/o The Bank of New York Mellon Trust Co.<br>Attn.: Mary A. Callahan, Vice President<br>2 N. LaSalle Street, Suite 700<br>Chicago, Illinois 60602 | Attn.: Mary A. Callahan, Vice President<br>Phone: 312-827-8546<br>Email: mary.callahan@bnymellon.com | Unsecured Notes | | | | $107,872,763.00 |
| 7 | Whirlpool Corporation<br>Attn.: Aaron Spira<br>600 West Main Street<br>Benton Harbor, Michigan 49022-2692 | Attn.: Aaron Spira<br>Phone: 269-923-5000<br>Email: aaron_d_spira@whirlpool.com | Trade Payable | | | | $22,250,103.00 |
| 8 | WiniaDaewoo Electronics America<br>Attn.: Hyun Suk Choi, Esq.<br>c/o Choi & Park, LLC<br>11 Broadway, Suite 615<br>New York, New York 10004 | Attn.: Hyun Suk Choi, Esq.<br>Phone: 212-695-0010<br>Email: hchoi@choiandpark.com | Trade Payable | | | | $15,535,537.00 |
| 9 | Cardinal Health<br>Attn: Beth J. Rotenberg, Esq.<br>      Scott A. Zuber, Esq.<br>c/o Chiesa Shahinian & Giantomasi PC<br>One Boland Drive<br>West Orange, New Jersey 07052 | Attn: Beth J. Rotenberg, Esq.<br>     Scott A. Zuber, Esq.<br>Phone: 973-325-1500<br>Email: brotenberg@csglaw.com<br>      szuber@csglaw.com | Trade Payable | | | | $15,348,095.00 |
| 10 | Electrolux (Frigidaire Company)<br>Attn: Alan Shaw<br>703 Waterford Way, Suite 300<br>Miami, Florida 33126 | Attn.: Alan Shaw<br>Phone: 786-388-6400<br>Email: alan.shaw@electrolux.com | Trade Payable | | | | $13,744,679.00 |
| 11 | Icon Health and Fitness Inc.<br>Attn.: Everett Smith<br>1500 South 1000 West<br>Logan, Utah 84321 | Attn.: Everett Smith<br>Phone: 877-993-7999<br>Email: esmith@iconfitness.com | Trade Payable | | | | $12,102,200.00 |
| 12 | Hangzhou Greatstar Industrial Co., Ltd. ("Greatstar")<br>Attn.: Kiah T. Ford IV, Esq.<br>c/o Parker Poe Adams & Bernstein LLP<br>401 South Tryon Street, Suite 3000<br>Charlotte, North Carolina 28202 | Attn.: Kiah T. Ford IV, Esq.<br>Phone: 704-372-9000<br>Email: chipford@parkerpoe.com | Trade Payable | | | | $10,354,683.00 |
| 13 | Hanesbrands Inc.<br>Attn: Joia Johnson, Chief Administrative Officer and General Counsel<br>1000 East Hanes Mill Road<br>Winston Salem, North Carolina 27105 | Attn: Joia Johnson, Chief Administrative Officer and General Counsel<br>Phone: 336-519-5360<br>Email: Joia.Johnson@hanes.com | Trade Payable | | | | $8,380,097.00 |
| 14 | Paco (China) Garment Ltd.<br>Attn: Lily Wang<br>No 9 Yueyang Road<br>Building B<br>Qingdao, Shandong 266000<br>China | Attn.: Lily Wang<br>Phone: 86-532-81978137<br>Email: lily@pacogarment.com | Trade Payable | | | | $7,220,123.00 |
| 15 | Apex Tool International LLC<br>Attn.: Jessica Chang<br>14600 York Road, Suite A<br>Sparks, Maryland 21152 | Attn.: Jessica Chang<br>Phone: 410-773-7800<br>Email: jessica.chang@apextoolgroup.com | Trade Payable | | | | $6,585,482.00 |
| 16 | Black & Decker US Inc.<br>Attn.: Robin Z. Weyand, Assistant General Counsel<br>701 E. Joppa Road<br>Towson, Maryland 21286 | Attn.: Robin Z. Weyand, Assistant General Counsel<br>Phone: 410-716-3625<br>Email: robin.weyand@sbdinc.com | Trade Payable | | | | $5,925,878.00 |

Debtor  __SRe Holding Corporation_____   Case number (if known) _____
               Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Tata Consultancy Services Ltd.<br>Attn.: Ashish Gupta<br>379 Thornal Street, 4th Floor<br>Edison, New Jersey 08837 | Attn.: Ashish Gupta<br>Phone: 847-286-6667<br>Email: ashish.gupta@searshc.com | Trade Payable | | | | $5,761,976.00 |
| 18 | Active Media Services Inc.<br>Attn.: Lisa Brown<br>1 Blue Hill Plaza<br>Pearl River, New York 10965 | Attn.: Lisa Brown<br>Phone: 845-735-1700<br>Email: Lisa.Brown@activeinternational.com | Trade Payable | | | | $5,424,732.00 |
| 19 | Automotive Rentals Inc.<br>Attn: Brian S. McGrath, Esq.<br>         Kristen D. Romano, Esq.<br>c/o McGlinchey Stafford<br>112 West 34th Street, Suite 1515<br>New York, New York 10120 | Attn: Brian S. McGrath, Esq.<br>         Kristen D. Romano, Esq.<br>Phone:  646-362-4000<br>Email: bmcgrath@mcglinchey.com<br>         kromano@mcglinchey.com | Trade Payable | | | | $5,359,201.00 |
| 20 | TJ Tianxing Kesheng Leather Products Co Ltd.<br>Attn: Power Wang<br>No. 2 Jianshe Road Baodi District<br>Tianjin, Tianjin 301200<br>China | Attn: Power Wang<br>Phone: 86-22-29243522<br>Email: powerwangtxks@vip.126.com | Trade Payable | | | | $4,857,704.00 |
| 21 | MKK Enterprises Corp.<br>Attn: President or General Counsel<br>140 N Orange Avenue<br>City of Industry, California 91744 | Attn: President or General Counsel<br>Phone: 626-217-8245<br>Email: rose@baldwinsun.com | Trade Payable | | | | $4,799,163.00 |
| 22 | LG Electronics USA Inc.<br>Attn: Thomas Yoon<br>1000 Sylvan Avenue<br>Englewood Cliffs, New Jersey 07632 | Attn: Thomas Yoon<br>Phone: 888-865-3026<br>Email: thomas.yoon@lge.com | Trade Payable | | | | $4,746,197.00 |
| 23 | Feroza Garments Ltd.<br>Attn: Nazrul Islam Mazumder<br>3 Sujat NagarSultan Mansion, 2nd Floor<br>Mirpur, Dhaka<br>Bangladesh | Attn: Nazrul Islam Mazumder<br>Phone: 88-02-9830348<br>Email: nassa@nassagroup.org | Trade Payable | | | | $4,614,975.00 |
| 24 | MTD Products Inc.<br>Attn: Derek Kaesgen, Deputy General Counsel<br>5903 Grafton Road<br>Valley City, Ohio 44280-9329 | Attn: Derek Kaesgen, Deputy General Counsel<br>Phone: 330-558-7550<br>Email: derek.kaesgen@mtdproducts.com | Trade Payable | | | | $4,493,593.00 |
| 25 | Jordache Limited<br>Attn: Cliff Lelonek, President<br>1400 Broadway, 14th and 15th Floor<br>New York, New York 10018-5336 | Attn: Cliff Lelonek, President<br>Phone: 212-944-1330<br>Email: clelonek@jordache.com | Trade Payable | | | | $4,381,183.00 |
| 26 | City Choice Limited<br>Attn: Steve Meyers<br>Unit 5 6/F Hong Leong Ind. Complex<br>No 4 Wang Kwong Road<br>Kowloon<br>Hong Kong | Attn: General Counsel<br>Phone: 852-27576068<br>Email: sukichan@solarxhk.com<br>         terry@solarxhk.com | Trade Payable | | | | $4,337,049.00 |
| 27 | Deloitte & Touche LLP<br>Attn: Jim Berry, Partner<br>2200 Ross Avenue, Suite 1600<br>Dallas, Texas 75201 | Attn: Jim Berry, Partner<br>Phone: 214-840-7360<br>Email: jiberry@deloitte.com | Trade Payable | | | | $4,177,800.00 |

Debtor  SRe Holding Corporation                Case number (if known) _____
           Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 28 | Thanh Cong Textile Garment Investment Trading Joint Stock Company<br>Attn: Lee Jong<br>36 Tay Thanh Street<br>Tay Thanh Ward<br>Tan Phu Dist<br>Ho Chi Minh City 708500<br>Vietnam | Attn: Lee Jong<br>Phone: 84 8 381 53962<br>Email: leejm@thanhcong.com.vn | Trade Payable | | | | $4,177,341.00 |
| 29 | Cleva Hong Kong Ltd.<br>Attn: Tammy Harvey<br>303 Des Voeux Road<br>Central<br>Hong Kong | Attn: Tammy Harvey<br>Phone: 0086(0)512 8227 5805<br>Email: tammy.harvey@cleva-na.com | Trade Payable | | | | $4,151,063.00 |
| 30 | International Business Machine<br>Attn: Bruce E. Frierdich, Counsel<br>Legal Department - Chicago Office<br>Global Markets<br>71 South Wacker Drive, Seventh Floor<br>Chicago, Illinois 60606 | Attn: Bruce E. Frierdich Counsel<br>Phone:<br>Email: bfrierd@us.ibm.com | Trade Payable | | | | $4,067,093.00 |
| 31 | Procter & Gamble Distributing<br>Attn: Deborah P. Majoras, Chief Legal Officer & Secretary<br>One Procter & Gamble Plaza<br>Cincinnati, Ohio 45202 | Attn: Deborah P. Majoras Chief Legal Officer & Secretary<br>Phone:<br>Email: Majoras.DP@pg.com | Trade Payable | | | | $4,065,580.00 |
| 32 | Mien Co, Ltd.<br>Attn: Michelle Chan<br>A5-B, Blk A,12/F, Hongkong Ind Centre<br>489-491 Castle Peak Rd<br>Lai Chi Kok, Kowloon<br>Hong Kong | Attn: President or General Counsel<br>Phone: 00 852 93014248<br>Email: michelle@mien-co.com | Trade Payable | | | | $4,057,082.00 |
| 33 | Eastern Prime Textile Limited<br>Attn: Carol Yim<br>Unit F 10/F, King Win Fty Bldg<br>No. 65-67 King Yip St<br>Kwun Tong, Kowloon<br>Hong Kong | Attn: Carol Yim<br>Phone: 86-769-83626002<br>Email: carol@eastern-prime.com | Trade Payable | | | | $3,413,816.00 |
| 34 | Weihai Lianqiao International Cooperation Group<br>Attn: Sarah Wong<br>No. 269, West Wenhua Road<br>Hi-Tech Deve Zone<br>Weihai<br>China | Attn: Sarah Wong<br>Phone: 86 631 5678612<br>Email: sarah_wong@southocean.com | Trade Payable | | | | $3,044,370.00 |
| 35 | BST International Fashion Limited<br>Attn: Emily Nip<br>Suite 2301B<br>23/F Skyline Tower<br>No.39 Wang Kwong Road<br>Kowloon Bay<br>Hong Kong | Attn: Emily Nip<br>Phone: 852-3471 0600<br>Email: enip@frontline-hk.com | Trade Payable | | | | $2,966,541.00 |
| 36 | Winners Industry Company Limited<br>Attn.: Kitty Chow<br>Unit A, Wah Lung Building<br>49-53 Wang Lung Street,<br>Tsuen wan, New Territories<br>Hong Kong | Attn.: Kitty Chow<br>Phone: 0769-39016338<br>Email: kitty@winnersarts.com | Trade Payable | | | | $2,964,394.00 |

Official Form 204    **List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders**    Page 4

WEIL:\96862962\4\73217.0004

Debtor  SRe Holding Corporation  Case number (if known) _____
        Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 37 | SITEL<br>c/o Frost Brown Todd LLC<br>Attn: Edward M. King, Esq.<br>400 West Market Street, Suite 3200<br>Louisville, Kentucky 40202 | Attn: Edward M. King, Esq.<br>Phone: 502-568-0359<br>Email: tking@fbtlaw.com | Trade Payable | | | | $2,849,008.00 |
| 38 | Coyote<br>Attn: Jason Rice<br>2545 W. Diversey Avenue, 3rd Floor<br>Chicago, Illinois 60647 | Attn: Jason Rice<br>Phone: 847-295-2424<br>Email: Jason.rice@coyote.com. | Trade Payable | | | | $2,734,955.00 |
| 39 | Chamberlain Manufacturing Corp.<br>Attn: Colleen M. O'Connor, VP Finance & Treasurer<br>300 Windsor Drive<br>Oak Brook, Illinois 60523-1510 | Attn: Colleen M. O'Connor, VP Finance & Treasurer<br>Phone: 630-530-6848<br>Email: colleen.oconnor@chamberlain.com | Trade Payable | | | | $2,716,078.00 |
| 40 | Knights Apparel Inc.<br>Attn: Joia Johnson, Chief Administrative Officer & General Counsel<br>1000 East Hanes Mill Road<br>Winston Salem, North Carolina 27105 | Attn: Joia Johnson, Chief Administrative Officer & General Counsel<br>Phone: 336-519-5360<br>Email: Joia.Johnson@hanes.com | Trade Payable | | | | $2,623,712.00 |

Official Form 204    **List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders**    Page 5

WEIL:\96862962\4\73217.0004

**Fill in this information to identify the case:**

Debtor name: SRe Holding Corporation

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2019
MM / DD / YYYY

X /s/ Luke Valentino
Signature of individual signing on behalf of debtor

Luke Valentino
Printed name

Corporate Secretary
Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors

WEIL:\96862962\4\73217.0004